TRUMAN SYMSON, Appellant, *v.* HANNIBAL S. SELHEIMER, Respondent et al.

The Supreme Court, on granting motion addressed to its discretion to amend a judgment, may not absolutely postpone the lien of the judgment, it may impose such postponement as a condition of granting the motion, leaving to the moving party the option either to accept the favor granted, with the condition, or of not taking it and having his judgment in its original state

While this court has power to correct a General Term order which absolutely postpones the lien of the judgment so as to make the postponement a condition, it may not impose other conditions.

Such a condition does not postpone the lien of the judgment to that of a judgment docketed in form, but as matter of law void. In such case, as there is in fact no judgment, there is no lien

(Argued April 19, 1887, decided April 26, 1887.)

THIS was a motion to amend the remittitur herein. (*See ante*, p. 620)

The following is the *mem.* of opinion

"The motion made by plaintiff at Special Term to obtain permission of the court to amend the statement of the confession of judgment was addressed to the discretion of the Supreme Court. It was not an amendment which he had the legal right to demand, but was one which the court might in its discretion refuse, or grant upon such terms as to it might seem to be just (*Mitchell v Van Buren*, 27 N. Y. 300.) The Special Term granted the motion to amend, unconditionally.

"Upon appeal the General Term while affirming that part of the order of the Special Term granting leave to amend, coupled it with a provision absolutely postponing the lien of

the plaintiff's judgment as stated in such order. The effect was that upon a motion for leave to amend his judgment, the plaintiff found that his motion had been granted and the lien of his judgment absolutely postponed, instead of which, as he was asking for a favor, the order should have been in the form of granting the favor upon condition of his assenting to the postponement of his lien, thus giving the option to him of taking his favor upon the condition imposed, or of not taking it and leaving his judgment in its original state.

" This court thought that the plaintiff had a right to have this option granted him. We, therefore, modified the order of the General Term in the manner set forth in the remittitur

" The present motion to amend the remittitur by putting in some other condition than that imposed by the Supreme Court is to appeal from the discretion exercised by that court and to ask us to exercise our own, which we have no power to do. We think, however, that the order as modified by this court, in case plaintiff accepts the conditions, cannot be construed to postpone the plaintiff's judgment to the lien of a judgment docketed in form, but which is, as matter of law, void. Where is the lien of a void judgment or how can it be said to be a judgment at all ?

" The motion to amend the remittitur must be denied, without costs."

*Nathaniel Foote* for motion.

*John H. White* opposed.

*Per Curiam mem.* for denial of motion.
All concur.
Motion denied.